UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CURTIS EDWARD ALVEY, JR.,                                                    Plaintiff,

v.                                                          Civil Action No. 1:20-cv-148-DJH

WESTERN KENTUCKY UNIVERSITY,                                        Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Curtis Edward Alvey, Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, this action will be dismissed.

## I.

Plaintiff filed this civil action against Western Kentucky University (WKU) alleging, "my civil rights are being violated and my life is in danger."  He claims that, between "Aug – 2018 [and] continueing in future," WKU "allow[ed] a series of crimes to continue that place my life in danger.  Crimes such as black-mail, identity theft, extortion, kidnapping, attempted murder, [and] many more."  He asserts that there were "several suspects [and] witnesses" and that he "[s]poke to school about crimes.  They refered me to counselors [and] said they would investigate but no investigation was ever done."  As injuries, Plaintiff states, "i have spoken to several law enforcement agencies [and] officers [and] counselers even hospital staff.  But still receive zero help.  My head hurts i get dizzy i am scared for my life, like i am going to get shot or die in a car crash."

Along with the complaint, Plaintiff also filed a Kentucky Claims Commission "Claim Form," alleging that "[a]fter reaching out to [WKU] and the University of Kentucky concerning

a serious set of crimes that i am the victim of, i was approached by the police, but never given the opportunity of help to end the crimes." He indicates, "i believe [WKU] is at fault by being a co-conspirator in the set of continuous crimes that i am a victim of. The school could have done their job by helping me investigate the crimes."

As relief, Plaintiff states that he originally requested $12,000,000, "but now i am pressing criminal charges. Because I fear for my life."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Further, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

3

Moreover, Plaintiff may not ask this Court to press charges.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct that criminal charges be filed.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Finally, the Court notes that in this action Plaintiff makes a number of allegations almost identical to ones he made in recent civil actions in this Court, for example *Alvey v. University of Kentucky*, 1:20-cv-147-GNS and *Alvey v. Western Kentucky University*, 1:20-cv-170-DJH, which were also dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for lack of lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), in accordance with *Apple v. Glenn*.  Plaintiff has recently been warned against the filing of duplicative and frivolous actions in yet another civil action filed by Plaintiff recently, *Alvey v. Steinfield*, 1:20-cv-171-GNS.  The Court realizes that Plaintiff filed the instant action before he was warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions.  However, the Court takes the opportunity to again **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including but not limited to prefiling restrictions.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   January 26, 2021

David J. Hale, Judge
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendant
4415.005

4